IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN H. BURCKHARDT,

                Plaintiff,                OPINION AND ORDER

  v.

                                                    12-cv-766-wmc

LISA WALKER, ROY R. KORTE,
MOST ALL IF NOT ALL ELECTED OFFICERS
IN COLUMBIA COUNTY, and
A NUMBER OF PEOPLE IN THE COLUMBIA
COUNTY SHERIFF'S DEPARTMENT,

                Defendants.

---

    Plaintiff John H. Burckhardt has filed a complaint *pro se* against numerous officials from Columbia County, as well as a "supplemental complaint" against an Assistant Attorney General for the State of Wisconsin. Although Burckhardt has paid the filing fee, his complaint will be dismissed because this court has no valid jurisdictional basis to consider his claims for relief.

ALLEGATIONS[1]

    John H. Burckhardt is a resident of Portage, Wisconsin. He sues Lisa Walker, in her capacity as Columbia County Register of Deeds, Assistant Attorney General Roy R. Korte, and "most, if not all, elected officers" in Columbia County, including "a number of people" in the Columbia County Sheriff's Department.

    Burckhardt alleges that Walker fails to use her middle initial or full middle name when signing or stamping documents as the Register of Deeds for Columbia County, dispute being required to use her "full legal name in order to make the documents she signs or stamps

---

[1] Plaintiff's "pleadings" are, to be kind, disjointed and hard to follow, but his allegations are set forth here in summary form as best the court could discern them.

legal!!" Burckhardt appears to argue that, by failing to discharge this duty of her office, Walker has somehow conspired with the other defendants to violate federal law.

Burckhardt also alleges that Walker "failed to honor and obey her oath of office" on August 31, 2012, when she refused to approve and file a "U.S. land patent package" for property located at "W10689 County Road O, Portage, WI 53901." Burckhardt, who describes himself as a "land patent specialist," explains that this particular land patent belongs to Joshua M. Diehm III and Elizabeth Diehm. Burckhardt alleges that Walker refused to accept this particular land patent package because Assistant Attorney General Korte told her she had no obligation to do so.

Finally, Burckhardt argues that Korte supplied incorrect legal advice to Walker about her responsibilities with respect to the U.S. land patent package that he attempted to submit on the Diehm's behalf. Burckhardt maintains that it is Walker's job to file these instruments and that her refusal to do so on August 31, 2012, was "treason" against the United States and "discrimination" against the Diehms. Burckhardt also accuses Korte of treason, libel, fraud and "felony crimes against the United States."

OPINION

Although plaintiff paid the filing fee for this case, a district court is authorized to conduct limited screening and to dismiss a fee-paid complaint, *sua sponte*, if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a

frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances"). In screening any *pro se* litigant's complaint, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this liberal standard, however, *sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 480.

In this case, Burckhardt discloses that the property associated with the "U.S. land patent package" at issue was the subject of a state court civil action in Columbia County Circuit Court, Case No. 2011CV000300. Court records show that this case involved a mortgage foreclosure action against the purported owners of that property, Elizabeth Diehm and Joshua M. Diehm III. The circuit court entered a judgment of foreclosure on February 8, 2012, and the property was sold by the Columbia County Sheriff's Office at an auction on September 17, 2012. Burckhardt appears to argue that, as a result of the defendants' corrupt conspiracy to disregard a U.S. land patent package he attempted to file on the Diehm's behalf, the property would not have been foreclosed upon.[2]

As a preliminary matter, Burckhardt does not allege facts showing that he has authority to represent the injured parties (the Diehms) in federal court. Title 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their

---

[2] The United States granted land patents to convey unoccupied public land opened for sale by Congress through federal land offices. *See, e.g., Ames v. Empire Star Mines Co.*, 17 Cal.2d 213, 218-19, 110 P.2d 13, 16-17 (Cal. App. 1941) (describing property rights conveyed under the Railroad Grant Act of July 25, 1866, 14 U.S. Stat. A.L. 239, which authorized land grants to the California and Oregon Railroad). If valid, a United States land patent constitutes *prima facie* proof of title. *See Stoddard v. Chambers*, 43 U.S. (2 How.) 284, 303 (1844). The existence of a United States land patent, however, does not prevent confiscation or seizure of property by the government for non-payment of taxes. *See Chan v. Svee*, 145 Wis. 2d 897, 428 N.W.2d 562, 1988 WL 78405 (Wis. App. 1988). Nor does it prevent mortgage foreclosure. *See Hilgeford v. The Peoples Bank*, 776 F.2d 176 (7th Cir. 1985) (per curiam).

own cases personally or by counsel." The right to litigate *pro se* is personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others. *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). In other words, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer in federal court. *See Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830-31 (7th Cir. 1986) (per curiam); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authorities)).

Burckhardt does not articulate facts showing that he (1) is authorized to represent the Diehms in this proceeding or (2) has standing to assert claims on their behalf. Article III of the United States Constitution limits the exercise of federal judicial power to the resolution of actual "Cases" and "Controversies." U.S. Const. art. III, § 2; *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007). To meet the case-or-controversy requirement, a plaintiff must demonstrate that he has "standing" to seek relief in federal court. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). An essential element of standing requires a plaintiff to demonstrate that he has suffered an "injury in fact," meaning an invasion of a legally-recognized interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical. *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Burckhardt fails to establish standing here because the pleadings do not demonstrate that he suffered the requisite actual injury.

Even assuming that Burckhardt could show that he suffered *personal* harm attributable to the defendants' conduct, he is not entitled to the relief sought. Liberally construed,

Burckhardt seeks a court to order forcing Walker to perform a non-discretionary duty to accept his proposed land patent package and to legitimize these documents by stamping or signing her full name. Thus, he appears to seek relief in the nature of a writ of mandamus, which is governed by 28 U.S.C. § 1361.

The mandamus statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The defendants identified in the complaint, however, are all state or county officials and not employees or agents of the United States. It is well established that a federal district court lacks "jurisdiction to issue a [writ of] mandamus against state officials for violating their duties under state law." *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir.1986); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *Haggard v. State of Tenn.*, 421 F .2d 1384, 1386 (6th Cir. 1970).

Finally, Burckhardt asks the court to charge Walker, Korte and the co-conspirator officials in Columbia County with "felony crimes" against the United States. Again, however, private citizens are not entitled to an order requiring the arrest or prosecution of wrongdoers. *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted). The decision to charge an individual with criminal violations is not vested within the courts, but solely within the discretion of a prosecuting attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v.*

*Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Accordingly, Burckhardt's allegation about a conspiracy to violate federal criminal law fails to state an actionable claim upon which relief can be granted. For this additional reason, Burckhardt's complaint will be dismissed.

ORDER

IT IS ORDERED that the complaint filed by John H. Burckhardt is DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 24th day of January, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge